# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PROTECT DEMOCRACY PROJECT, INC. ) <br> 2020 Pennsylvania Avenue NW, #163 ) <br> Washington, DC 20006 ) <br>        Plaintiff ) <br> ) <br> v. ) <br> ) <br> THE U.S. CENSUS BUREAU ) <br> 4600 Silver Hill Road, Suitland, MD 20746; and ) <br> THE U.S. DEPARTMENT OF COMMERCE ) <br> 1401 Constitution Avenue NW, Washington, DC 20230 ) <br> ) <br>        Defendants ) | Civil Action No. |

## COMPLAINT

1. Plaintiff The Protect Democracy Project, Inc. ("Protect Democracy") brings this action against Defendants the U.S. Census Bureau ("Census Bureau") and the U.S. Department of Commerce ("DOC") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges as follows:

2. The integrity of the next decennial census, the 2020 Census—and, critically, of its leadership—goes directly to the heart of public confidence in our government. Any political interference with the leadership, content, or conduct of the Census Bureau or 2020 Census poses a grave risk of corrupting our election process by creating an inaccurate and partisan congressional apportionment base—the population of each state counted in the census and used as the basis for congressional apportionment.

3. No facts collected by the federal government are more critical to the basic functioning of our democracy than the data collected by the Census Bureau. The census has therefore rightly been conducted on an independent basis by non-political, professional staff—often, experts in statistics and large-scale data collection—and isolated from interference by the White House and other political officials. Any politicization of the most important and complex data collection performed by the federal government would represent a significant threat to the accuracy of the 2020 Census and the independence of an agency that must, for the sake of our democracy, remain nonpartisan.

4. On March 26, 2018, the Department of Commerce announced its decision to include a question on citizenship in the 2020 Census. *U.S. Department of Commerce Announces Reinstatement of Citizenship Question to the 2020 Decennial Census* (Mar. 26, 2018), *available at* https://www.commerce.gov/print/3475.

5. Census experts have made clear that the inclusion of such a question would have a significant negative impact on the accuracy of the 2020 Census. *See, e.g.*, Arloc Sherman, The Center for Budget and Policy Priorities, Census Chief Scientist: Citizenship Question Reduces Accuracy, Raises Costs, *available at* https://www.cbpp.org/blog/census-chief-scientist-citizenship-question-reduces-accuracy-raises-costs; Michael Wines, Census Bureau's Own Expert Panel Rebukes Decision to Add Citizenship Question, N.Y. Times (Mar. 30, 2018), *available at* https://www.nytimes.com/2018/03/30/us/census-bureau-citizenship.html; The Leadership Conference Education Fund, Factsheet: Adding a New Citizenship Question to the 2020 Census, *available at* http://civilrightsdocs.info/pdf/census/Census-Citizenship-Question-Fact-Sheet.pdf.

6. Media reports have suggested that experts at the Census Bureau objected to the addition of the citizenship question. *See, e.g.*, Justin Elliott, Wilbur Ross Overruled Career Officials at Census Bureau to Add Citizenship Question, ProPublica (Mar. 27, 2018), *available at* https://www.propublica.org/article/wilbur-ross-overruled-career-officials-at-census-bureau-to-add-citizenship-question.

7. The stakes of an accurate census could not be higher. Anti-democratic regimes thrive on the obfuscation of truth by those in power, seeking to sow confusion amongst the public and curry favor through manipulated perception rather than objective fact. They also seek to skew election results by developing election processes premised on biased or inaccurate population counts. The American public needs to know whether decision making regarding this most essential of democratic functions is based on expert input—or whether, to the contrary, experts have been overruled for partisan purposes.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

10. Plaintiff Protect Democracy is an organization with 501(c)(3) status, incorporated under the laws of the District of Columbia, and headquartered at 2020 Pennsylvania Avenue NW, #163, Washington, D.C. 20006. Plaintiff's mission is to prevent our democracy from declining into a more authoritarian form of government by holding the President and the Executive Branch accountable to the laws and longstanding practices that have protected our democracy through both Democratic and Republican administrations. As part of this mission, Plaintiff seeks to inform public understanding of operations and activities of the government by gathering and disseminating information that is likely to contribute significantly to the public understanding of executive branch operations and activities. Plaintiff regularly requests such information pursuant to FOIA. Plaintiff intends to give the public access to documents transmitted via FOIA on its website, www.protectdemocracy.org, and to provide information about and analysis of those documents as appropriate.

11. Defendant Census Bureau is a component of DOC, which is an agency of the executive branch of the federal government of the United States. The Census Bureau is headquartered at 4600 Silver Hill Road, Suitland, MD 20746. The Census Bureau has possession, custody, or control of the documents that Plaintiff seeks in response to its FOIA request.

12. Defendant DOC is an agency of the executive branch of the federal government of the United States. DOC is headquartered at 1401 Constitution Avenue NW, Washington, D.C. 20230. DOC has possession, custody, or control of the documents that Plaintiff seeks in response to its FOIA request.

## STATEMENT OF FACTS

13. Politicization of the Census Bureau or the 2020 Census poses a grave danger to core democratic principles. Indeed, interfering with the proper collection and analysis of the data that forms the basis of our representative form of government, including by undermining the Census Bureau's ability to conduct an accurate survey, is a matter of extreme public concern. The public must be able to hold the Administration accountable to its responsibility to conduct a nonpartisan, accurate, and fair census. It is therefore critical to know whether Commerce leadership has overruled the neutral, expert analysis of Census staff and, in doing so, threatened the accuracy of the 2020 Census.

14. To that end, on March 30, 2018, Plaintiff sent a FOIA request via email to the Census Bureau requesting the following records for the period between December 12, 2017 and the date searches are conducted in response to the request:

> 1) Any and all communications—including but not limited to emails and memoranda—regarding the addition of a citizenship question to the decennial census between Wilbur Ross and the following Census personnel:
>    a. Ron S. Jarmin,
>    b. Enrique Lamas,
>    c. Timothy P. Olson,
>    d. Nick Orsini,

     e.  Albert E. Fontenot Jr.,

     f.  James B. Treat,

     g.  Eloise K. Parker,

     h.  John M. Abowd,

     i.  John L. Eltinge,

     j.  Tommy Wright,

     k.  Paul C. Beatty,

     l.  Patrick Cantwell,

     m.  Alan Lang,

     n.  Karen Battle,

     o.  David G. Waddington, or

     p.  Mikelyn Meyers.

2) Any and all communications—including but not limited to emails and memoranda—regarding the addition of a citizenship question to the decennial census between Karen Dunn Kelley and the following Census personnel:

     a.  Ron S. Jarmin,

     b.  Enrique Lamas,

     c.  Timothy P. Olson,

     d.  Nick Orsini,

     e.  Albert E. Fontenot Jr.,

     f.  James B. Treat,

     g.  Eloise K. Parker,

     h.  John M. Abowd,

      i. John L. Eltinge,

      j. Tommy Wright,

      k. Paul C. Beatty,

      l. Patrick Cantwell,

      m. Alan Lang,

      n. Karen Battle,

      o. David G. Waddington, or

      p. Mikelyn Meyers.

    3) In addition to the records requested above, we also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched, and any tracking sheets used to track the processing of this request. If your agency uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

*See* Exhibit A.

    15. Also on March 30, 2018, Plaintiff sent a FOIA request via FOIA Online to DOC requesting the following records for the period between December 12, 2017 and the date searches are conducted in response to the request:

    1) Any and all communications—including but not limited to emails and memoranda—regarding the addition of a citizenship question to the decennial census between Wilbur Ross and the following Census personnel:

    a. Ron S. Jarmin,

    b. Enrique Lamas,

    c. Timothy P. Olson,

    d. Nick Orsini,

    e. Albert E. Fontenot Jr.,

    f. James B. Treat,

    g. Eloise K. Parker,

    h. John M. Abowd,

    i. John L. Eltinge,

    j. Tommy Wright,

    k. Paul C. Beatty,

    l. Patrick Cantwell,

    m. Alan Lang,

    n. Karen Battle,

    o. David G. Waddington, or

    p. Mikelyn Meyers.

2) Any and all communications—including but not limited to emails and memoranda—regarding the addition of a citizenship question to the decennial census between Karen Dunn Kelley and the following Census personnel:

    a. Ron S. Jarmin,

    b. Enrique Lamas,

    c. Timothy P. Olson,

    d. Nick Orsini,

  e.  Albert E. Fontenot Jr.,

  f.  James B. Treat,

  g.  Eloise K. Parker,

  h.  John M. Abowd,

  i.  John L. Eltinge,

  j.  Tommy Wright,

  k.  Paul C. Beatty,

  l.  Patrick Cantwell,

  m.  Alan Lang,

  n.  Karen Battle,

  o.  David G. Waddington, or

  p.  Mikelyn Meyers.

3) Any and all communications—including but not limited to emails and memoranda—between Karen Dunn Kelley and Wilbur Ross regarding the addition of a citizenship question to the decennial census. It is not necessary to produce copies of the final version of Secretary Ross's March 27, 2018 memorandum in response to this item.

4) In addition to the records requested above, we also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched, and any tracking sheets used to track the processing of this request. If your agency uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to

>>describe how they conducted searches, we also request any such records
>>prepared in connection with the processing of this request.

*See* Exhibit B.

16. Plaintiff requested fee waivers pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) or 5 U.S.C. § 552(a)(4)(A)(ii)(II). *See* Exhibits A, B. Plaintiff also requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 15 C.F.R. § 4.6(f)(iii), (iv). *See id.*

17. On April 3, 2018, Plaintiff received an email from the Census Bureau confirming Plaintiff's request submission and noting that Plaintiff's request had been recorded as FOIA request DOC-CEN-2018-001112. *See* Exhibit C.

18. On April 4, 2018, Plaintiff received an email from the Census Bureau granting Plaintiff's expedited processing request. *See* Exhibit D.

19. On April 4, 2018, Plaintiff received an email from the Census Bureau granting Plaintiff's fee waiver request in full. *See* Exhibit E.

20. On March 30, 2018, Plaintiff received an email from DOC confirming Plaintiff's request submission and noting that Plaintiff's request had been recorded as FOIA request DOC-OS-2018-001089. *See* Exhibit F.

21. On April 18, 2018, Plaintiff received an email from DOC requesting Plaintiff accept records from a similar request, DOC-IOS-2018-001029, that would include the records requested in DOC-IOS-2018-001089. *See* Exhibit G. Plaintiff discussed this request with DOC on April 19, 2018 and April 20, 2018. *See id.* Plaintiff replied via email with clarifying questions on the similarity of the two requests on April 23, 2018. *See id.* On April 25, 2018, DOC confirmed via email that DOC-IOS-2018-001029 encompasses the items Plaintiff requested in DOC-IOS-2018-001089, and asked to clarify if Plaintiff would like Karen Dunn Kelley's records

searched in her capacity as "Acting Deputy Secretary" or as the "Undersecretary of ESA [Economics and Statistics Administration]." *See id.* On May 7, 2018, Plaintiff replied via email that it would like the records searched for both, and Plaintiff confirmed that it will accept the similar records. *See id.* On May 14, 2018, Plaintiff followed up via email to confirm DOC's receipt of Plaintiff's May 7, 2018 confirmation email. *See id.* On May 17, 2018, DOC confirmed the receipt of Plaintiff's May 7, 2018 email. *See id.*

22. Pursuant to FOIA, within twenty business days of receipt of Plaintiff's request—that is, by May 1, 2018—Defendants were required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," Plaintiff's right "to seek assistance from the FOIA Public Liaison of the agency," and, in the case of an adverse determination, Plaintiff's right to appeal. 5 U.S.C. § 552(a)(6)(A)(i).

23. To date, Defendants have failed to make the required determinations and notifications. Defendant DOC has also failed to make a determination regarding Plaintiff's request for a fee waiver and expedited processing.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

24. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

25. Defendants are in violation of FOIA by failing to respond to Plaintiff's request within the statutorily prescribed time limit and by unlawfully withholding records responsive to Plaintiff's request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) Order Defendants, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's request;

(2)  Order Defendants, by a date certain, to demonstrate that it has conducted an adequate search;

(3)  Order Defendants, by a date certain, to produce to Plaintiff any and all nonexempt records or portions of records responsive to Plaintiff's request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

(4)  Enjoin Defendants from improperly withholding records responsive to Plaintiff's request;

(5)  Order Defendant DOC to grant Plaintiff's request for a fee waiver;

(6)  Grant Plaintiff an award of attorney fees and other reasonable litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E);

(7)  Grant Plaintiff such other relief as the Court deems appropriate.

Date: July 10, 2018

　　　*/s/ Dennis Lawson*　　　
Dennis Lawson
D.C. Bar No. 452402

DECHERT LLP
1900 K St., N.W.
Washington, D.C. 20006
(202) 261-3343
Dennis.Lawson@dechert.com